HOEY v. NATIONAL SHOE & LEATHER BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.    October 11, 1898.)

PLEADING—BILL OF PARTICULARS—SUFFICIENCY.

    In an action on a contract to furnish heat, light, and elevator services in defendant's building for overtime at such a price as would cover the actual cost of labor and materials, a bill of particulars is sufficient which shows the actual average cost per hour of operating the plant, for labor and materials, and the number of hours of overtime.

    Appeal from special term, Kings county.

    Action by Joseph H. Hoey against the National Shoe & Leather Bank of the City of New York.    From an order granting defendant's motion for a further bill of particulars, plaintiff appeals.    Modified.

    Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

    Thomas Abbott McKennell, for appellant.

    Roger S. Baldwin, for respondent.

    PER CURIAM.    By the written contract between the parties, the plaintiff's assignor was to furnish the heat, light, and elevator service in defendant's building, and to provide both the labor and materials requisite for that purpose, for the sum of $2,800 a year; the plant to be operated 72 hours a week, and any excess over that time to be paid for at such price as would cover the actual cost of labor and materials.    The plaintiff sues for one month's services and materials at the contract price, and for $300 for extra services rendered between February, 1894, and April, 1896.    In answer to the defendant's demand for the particulars of this claim for extra services, the plaintiff rendered a statement that his claim was for furnishing steam heat and electric light at night for three months at $100 a month.    On motion of the defendant the special term ordered the plaintiff to furnish a further bill of particulars, specifying separately the quantities of coal, oil, waste, and other materials alleged to have been furnished, and the specific dates and values thereof, together with a specification of the extra services, stating the dates and value of the same.    From that order this appeal is taken.

    We think that the order of the special term went too far.    The affidavit of the plaintiff was to the effect that he could not give the quantities of coal or other material used, but that during a period of three months, on account of some exigency in the defendant's business, he had been required to run the plant at night.    Under the contract, if the plaintiff operated the plant more than 72 hours a week, he was entitled to compensation for the excess of time.    He was to be paid for such excess, not the itemized cost of the labor and materials, but a sum that would reasonably cover such cost.    It is not to be expected that on every day when the plaintiff operated the plant beyond the time prescribed in the contract he should weigh the coal or other material.    We think it would be enough for him to show the actual average cost per hour of operating the plant, both for labor and materials, and that, if he established with reasonable certainty the amount of extra time during which he carried on such

operation, he would be entitled to recover on that basis. For this reason we think the special term erred in requiring the plaintiff to furnish the separate details of materials and labor. But the plaintiff is fairly called upon to state the extra time of operating the plant, for which he claims compensation, the weeks during which he made this overtime, and the amount of overtime of each week, in hours. Unless he can establish these facts with some degree of certainty, there will be no basis for a recovery; and, if he can establish them, he should give their details and particulars to the defendant, that it may be able to meet the plaintiff's case.

The order appealed from should be modified in accordance with this opinion, without costs of this appeal to either party.